TIBBITTS a. TOWNSEND.

*Supreme Court, Eighth District; Special Term, Oct.,* 1862.

NON-RESIDENT.—ATTACHMENT.—ABSENCE IN MILITARY SERVICE.

Enlistment in the volunteer army of the United States, and absence from the State in such service, do not render a debtor a non-resident within the meaning of section 229 of the Code.

To sustain an attachment on the ground of non-residence against one who has recently had a fixed residence in this State, it must appear that the defendant had acquired a residence out of this State, when the attachment issued.

Motion on the part of the defendant to set aside an attachment issued under section 229 of the Code.

This action was brought by Lyman Tibbitts and William Ikins against Henry M. Townsend.

The warrant of attachment was granted by the county judge of Cattaraugus county, upon an affidavit, which, after showing the indebtedness of the defendant to the plaintiffs, stated " that said defendant is a non-resident of the State of New York, and has property in said county liable to attachment."

The affidavit in support of the present motion showed that the defendant was born in the town of Olean, in said county, and until the time of his enlistment therein mentioned resided in said town, which for the two years next prior to his enlistment had been his place of business. That for the past seven years he had been a freeholder of said town of Olean, and now owned real estate therein. That in or about the month of July, 1861, the defendant volunteered as a soldier in the service of the United States army for three years or during the war, and became stationed in the army of Virginia, under the orders and authority of the government of the United States, and that he became stationed there for no other purpose than that of serving the United States as such soldier. That at the time of said enlistment, and at the date of the attachment, he intended, and

still intends, at the expiration of his term of service, to return to said town of Olean, and continue there to reside ; and that he had not at any time intended to change his residence.

*C. S. Cary,* for the motion.

*A. Storrs,* opposed.

WELLS, J.—The question, whether becoming attached to the army in the military service of the United States as a volunteer, terminates a regular fixed residence of a citizen of this State, so as to subject his property to attachment, under section 229 of the Code, has never, so far as I have been able to discover, been adjudicated in our courts. It is the question, and the only one, to be considered on this motion; and its practical importance at this time, with the liability of its frequent recurrence, has induced me to examine it with considerable care and attention, and such examination has led to the conclusion, that by becoming such volunteer, and being marched and stationed out of the State, a man does not thereby lose his residence within it.

It does not necessarily follow that by enlisting and being mustered into service, he will be marched or stationed out of the State. Whether he will or not, may depend upon contingencies which no one can foresee, and over which he has no control. If the command to which he becomes regularly attached receives marching orders, neither it nor he has any choice but to follow and obey orders. The regiment may be encamped to-day at Elmira, and to-morrow be ordered to Philadelphia, thence to Annapolis, Baltimore, Washington, or elsewhere out of the State, and back again into the State, as the chances and exigencies of the war may require ; and all the time the volunteer soldier may have a fixed domicil and residence in this State, to which he purposes to return at the expiration of his term of service. Suppose he does not volunteer, but is drafted, should the rule be more favorable to him than if he had volunteered? No one will assert this. If patriotism is a virtue, the volunteer has quite as high a claim to it as he who serves his country unwillingly or by compulsion.

The proposition that a drafted militia-man who is taken out of the State, to serve in the army of the United States, thereby

loses his residence in the State, and his property subjected to harsh and summary process of attachment, is too preposterous to be entertained for a moment.

The plaintiffs' counsel relies with great confidence upon the case in the Court of Appeals of Haggarty *a.* Morgan and others (5 *N. Y.*, 422), which appears to me to be plainly distinguishable from the present case. That was an action brought upon a bond given by one Brandegee and his sureties under section 55, art. 1, tit. 1, ch. 5, part 2, of the Revised Statutes. (2 *Rev. Stat.*, 11.)

The attachment had been issued in pursuance of the provisions of that title, on the ground that Brandegee was a non-resident, &c.

On the trial the defendants offered to prove Brandegee was not a non-resident at the time of taking out the attachment and of giving the bond, but that he was a resident of the city of New York, where he had a house at No. 3 Le Roy Place, and that he was at housekeeping there at the time, and had been for many years; that his absence was temporary at New Orleans, where he was detained by necessary attendance to a lawsuit during his whole absence, having left home in November, 1844, and returned in the spring of 1848. The court rejected the evidence on the ground, 1st, that the offer itself showed the defendant Brandegee a non-resident within the spirit of the act; and 2d, that the giving the bond to discharge the attachment, prevented him from showing the fact. The case went to the Court of Appeals on this and other questions, where the rulings at the trial were affirmed upon the opinion of GARDINER, J., in which he recognizes a distinction between the *residence* of the debtor, and his *domicil*. The learned judge refers to the case of Thompson (1 *Wend.*, 43), where it was held that the debtor's residence might be abroad while his domicil might be in this State; also to the case of Frost *a.* Brisbin (19 *Wend.*, 11), where the same distinction is made. It is quite evident, however, that the judge regards the other ground for rejecting the evidence as the more satisfactory of the two, viz.: that the defendants were concluded by the bond from alleging his residence in this State at the time the attachment was issued. It seems to me that was entirely conclusive. But without impugning the other ground, the case

now under consideration is, as I think, free from its influence. To bring it within the authority of any of the cases refered to, it must appear that the defendant had acquired a residence out of this State when the attachment was issued. To hold that a volunteer in the United States army, during the present rebellion, can acquire a residence during his migratory and wandering service is simply absurd.

The attachment should be set aside, with ten dollars costs.